### NELLIE R. CARRIG
vs.
### ALFRED L. ANDREWS

Superior Court     New Haven County     File No. 56938

127 Conn. 403    MEMORANDUM FILED APRIL 6, 1940.

*Samuel H. Platcow*, of New Haven, for the Plaintiff.

*Wilbur F. Davis*, of Meriden, for the Defendant.

O'SULLIVAN, J.   For many years, the parties have been the owners of adjoining parcels of land fronting on Long Island Sound at a place called Short Beach.   In its natural state each parcel rose above the level of the beach and a sea wall, built along the defendant's property several feet from the limit of the customary high tides, served as a support for the higher land behind it. ·

The waters of the Sound were whipped to an unprecedented fury by the hurricane of 1938 and their force was ample to demolish the defendant's sea wall and wash away a great amount of his land.   The excavation so made, which was several feet deep, was of such a character as to leave but about three feet of bank adjoining the plaintiff's land for a distance of 20 feet along the boundary line.   Since the hurricane, the elements have caused a gradual but continuous erosion of this bank until at the present time a small part of the plaintiff's land has begun to crumble away.

This action has been brought, seeking damages for the loss of rental value sustained by the plaintiff, and for injunctive relief to require the defendant to fill in the excavation caused by the storm or build a retaining wall along the boundary line, and thus give support to the plaintiff's land in its natural state.

The right of an adjoining property owner exists only so far as to require lateral support for his land in its natural state from his neighbor's land in its natural state.   Such a state is a condition created or produced by nature, a manifestation of which was the hurricane.   The condition in which the defendant's property was left was the natural state of that property and any further erosion due to nature, such as the crumbling of the three-foot bank, merely decreased the extent of the right to the support which the plaintiff previously had.   To impose upon the defendant the duty of re-

furnishing lateral support, destroyed not through any act of his own, but by the force of the elements, would place a burden upon him which the law should not countenance.

No authority is cited, for there is none, the case being one of first impression. Such cases as may be found dealing with lateral support are concerned with situations involving some affirmative act of the defendant and, of course, these cases furnish no precedent for the instant one.

Let judgment enter for the defendant.